COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-167-CR

 

 

ROBERT ALLEN BUTTZ, JR.                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                       I.  Introduction








A jury found appellant,
Robert Allen Buttz, Jr., guilty of theft, after which the jury assessed
punishment at two years=
imprisonment and a $10,000 fine.  In one
point on appeal, Buttz complains that the trial court erred by admitting
extraneous offense evidence over objection of counsel in violation of Texas
Rule of Evidence 403.  We affirm.  

II.  Background Facts

Lewisville police officer
Bradley Showalter testified that at about 1:56 am on January 19, 2005, he was
conducting a Aclose patrol@ of the business National Switchgear when he noticed a car parked on a
dead-end street that only serviced businesses. 
Roughly forty-five minutes later, the police stopped the car as it
exited the dead-end street and found it to contain property belonging to
National Switchgear.  Buttz was driving
the car.  Officer Showalter arrested
Buttz for theft.  

At trial, the State presented
evidence that the complainant in the case, National Switchgear, had been the
victim of numerous similar theft and criminal mischief crimes prior to the
instant one.  The State further solicited
victim impact information from Doug Powell, a representative of National
Switchgear, regarding the past victimizations. 

III.  Extraneous Offense Evidence 








In his sole point on appeal,
Buttz argues that the trial court erred by admitting extraneous offense
evidence over objection of counsel in violation of Texas Rule of Evidence
403.  Rule 403 provides that A[a]lthough relevant, evidence may be excluded if its probative value
is substantially outweighed by the danger of unfair prejudice.@  Tex. R. Evid. 403. 
However, Buttz failed to specifically make a Rule 403 objection at
trial, instead objecting solely to relevance. 
An appellate issue based on an alleged violation of Rule 403 must be
preceded by a specific objection before the trial court.  See Guy v. State, 160 S.W.3d 606,
615-16 (Tex. App.CFort Worth
2005, pet. ref=d).  Because Buttz did not raise a separate trial
objection to the evidence based upon Rule 403, this argument is not properly
before this court.  See Bell v. State,
938 S.W.2d 35, 49 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827,
118 S. Ct. 90 (1997); see also Long v. State, 823 S.W.2d 259, 271 (Tex.
Crim. App. 1991) (expressing that when admitting evidence, the trial judge does
not sua sponte engage in balancing the probative value against the prejudice
but does so only upon sufficient objection invoking Rule 403); Montgomery v.
State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh=g) (holding that objection based upon Rule 403 is required before
trial court will balance probative value and prejudice).

We therefore hold that the
trial court did not abuse its discretion in admitting evidence of the
extraneous offenses.  Thus, we overrule
Buttz=s point.

 

 








IV.  Conclusion 

Having overruled Buttz=s sole point, we affirm the trial court=s judgment.

 

BOB MCCOY

JUSTICE

 

PANEL
B:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 2, 2006











[1]See Tex. R. App. P. 47.4.